UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL M. MULDREW,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,[1]<br>Commissioner of Social Security,<br><br>    Defendant. | No. CV 07-0251-RC<br><br>OPINION AND ORDER |

Plaintiff Carol M. Muldrew filed a complaint on January 12, 2007, seeking review of the Commissioner's decision denying her application for disability benefits. The Commissioner answered the complaint on June 4, 2007, and the parties filed a joint stipulation on July 17, 2007.

//
//
//
//

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), Michael J. Astrue is substituted as the defendant in the action.

**BACKGROUND**

**I**

On April 15, 2005, plaintiff applied for disability benefits under the Supplemental Security Income program ("SSI") of Title XVI of the Social Security Act ("Act"), 42 U.S.C. § 1382(a), claiming an inability to work since October 25, 2003, due to breathing problems. Certified Administrative Record ("A.R.") 11, 52. The plaintiff's application was denied initially on May 31, 2005, and was denied again on August 9, 2005, following reconsideration. A.R. 33-45. Then plaintiff requested an administrative hearing, which was held before Administrative Law Judge Richard L. Leopold ("the ALJ") on April 20, 2006. A.R. 24-25, 261-75. On May 11, 2006, the ALJ issued a decision finding plaintiff is not disabled. A.R. 8-16. The plaintiff appealed this decision to the Appeals Council, which denied review on November 15, 2006.[2] A.R. 4-7, 235-36.

**II**

The plaintiff, who was born on December 2, 1959, is currently 48 years old. A.R. 46, 264. She has a high school education, and has previously worked as a factory worker. A.R. 53, 58, 76-83, 265.

Since December 3, 1993, plaintiff has received treatment for

---

[2] Pursuant to Fed. R. Evid. 201, this Court takes judicial notice of its opinion and related documents in <u>Muldrew v. Barnhart</u>, CV 04-3292-RC ("Muldrew I"). The documents in Muldrew I show plaintiff previously applied for SSI benefits on July 31, 2002, and after she was found not to be disabled, plaintiff sought judicial review in this Court, which entered Judgment in favor of the Commissioner on February 8, 2005.

asthma, allergic rhinitis, and related conditions at the Northeast Valley Health Corporation ("NVHC"), where David McIntosh, M.D., has been plaintiff's treating physician since December 6, 1996.[3] A.R. 124-216, 231-34, 238-43. On February 20, 2004, plaintiff had an electrocardiogram, which showed a normal sinus rhythm, but a possible chronic pulmonary disease pattern. A.R. 216. On June 19, 2004, Dr. McIntosh described plaintiff's asthma as severe and noted she had decreased air entry. A.R. 132-33. On November 17, 2004, an examination of plaintiff's lungs showed they were clear to auscultation, with no wheezes, rales or rhonchi.[4] A.R. 128-29. On February 10, 2005, Dr. McIntosh diagnosed plaintiff with severe asthma and allergic rhinitis, among other conditions.

On January 31, 2006, Dr. McIntosh again diagnosed plaintiff with severe asthma and allergic rhinitis, and noted plaintiff had shortness of breath, orthopnea,[5] chest tightness, wheezing, episodic acute asthma, episodic acute bronchitis, fatigue, palpitations and coughing.

---

[3] The summary of plaintiff's medical records set forth herein focuses on plaintiff's condition after October 24, 2003, the date through which Muldrew I found plaintiff was not disabled.

[4] A rale is "a discontinuous sound . . . consisting of a series of short nonmusical noises, heard primarily during inhalation[.]" Dorland's Illustrated Medical Dictionary, 1516 (29th ed. 2000). A rhonchus is "a continuous sound . . . consisting of a dry, low-pitched, snorelike noise, produced in the throat or bronchial tube due to a partial obstruction such as by secretions." Id. at 1574-75.

[5] Orthopnea is shortness of breath "that is relieved by assuming an upright position." Dorland's Illustrated Medical Dictionary at 558, 1280.

A.R. 231-34.  Dr. McIntosh opined plaintiff experiences severe shortness of breath three times a week precipitated by upper respiratory infection, allergens, exercise, emotional upset/stress, cold air/ changes in the weather, and foods.  A.R. 231.  Dr. McIntosh further opined plaintiff's symptoms are frequently severe enough to interfere with her attention and concentration, and she is incapable of even low stress work.  A.R. 232.  Dr. McIntosh opined:  plaintiff cannot lift and/or carry less than 10 pounds, twist, stoop, crouch/squat, or climb ladders or stairs; she can only sit for 20 minutes at a time and about 2 hours in an 8-hour day and stand for 10 minutes at a time and less than 2 hours in an 8-hour day before needing to change positions; she can walk about one half of a city block before having to rest; and she should avoid all exposure to extreme heat or cold, high humidity, wetness, cigarette smoke, perfumes, soldering fluxes, solvents/ cleaners, fumes, odors, gases, dust, and chemicals.  A.R. 233.  Dr. McIntosh also opined plaintiff's prognosis is poor, and she will need to take unscheduled breaks, during which she should sit quietly, 2-3 times a day for 10-15 minutes each during an 8-hour work day, and she is likely to miss more than four days of work a month due to her condition.  A.R. 232-34.  Finally, Dr. McIntosh opined plaintiff's anxiety worsens her asthma symptoms.  A.R. 234.

   On May 18, 2005, Elliott Gilpeer, M.D., a nonexamining physician, opined plaintiff can occasionally lift and/or carry 20 pounds and frequently lift and/or carry 10 pounds, and can sit, stand and/or walk for approximately 6 hours in an 8-hour day, but she should avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, etc.  A.R. 217-24.

**DISCUSSION**

**III**

The Court, pursuant to 42 U.S.C. § 405(g), has the authority to review the Commissioner's decision denying plaintiff disability benefits to determine if his findings are supported by substantial evidence and whether the Commissioner used the proper legal standards in reaching his decision. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007).

The claimant is "disabled" for the purpose of receiving benefits under the Act if she is unable to engage in any substantial gainful activity due to an impairment which has lasted, or is expected to last, for a continuous period of at least twelve months. 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a). "The claimant bears the burden of establishing a prima facie case of disability." Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996); Smolen v. Chater, 80 F.3d 1273, 1289 (9th Cir. 1996).

The Commissioner has promulgated regulations establishing a five-step sequential evaluation process for the ALJ to follow in a disability case. 20 C.F.R. § 416.920. In the **First Step**, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). If not, in the **Second Step**, the ALJ must determine whether the claimant has a severe impairment or combination of impairments significantly limiting her from performing basic work activities. 20 C.F.R. § 416.920(c). If so, in the **Third Step**, the ALJ must determine whether the claimant has

an impairment or combination of impairments that meets or equals the requirements of the Listing of Impairments ("Listing"), 20 C.F.R. § 404, Subpart P, App. 1. 20 C.F.R. § 416.920(d). If not, in the **Fourth Step**, the ALJ must determine whether the claimant has sufficient residual functional capacity despite the impairment or various limitations to perform her past work. 20 C.F.R. § 416.920(f). If not, in **Step Five**, the burden shifts to the Commissioner to show the claimant can perform other work that exists in significant numbers in the national economy. 20 C.F.R. § 416.920(g).

Applying the five-step sequential evaluation process, the ALJ found plaintiff has not engaged in substantial gainful activity since her alleged onset date. (Step One). The ALJ then found plaintiff's asthma and allergies are severe impairments (Step Two); however, she does not have an impairment or combination of impairments that meets or equals a Listing. (Step Three). The ALJ next determined plaintiff is not able to perform her past relevant work. (Step Four). Finally, the ALJ concluded plaintiff can perform a significant number of jobs in the national economy; therefore, she is not disabled. (Step Five).

## IV

A claimant's residual functional capacity ("RFC") is what she can still do despite her physical, mental, nonexertional, and other limitations. Mayes v. Massanari, 276 F.3d 453, 460 (9th Cir. 2001); Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989). Here, the ALJ found plaintiff retains the RFC for light work, provided she avoids concentrated exposure to fumes, odors, dusts, gases, poor

//

ventilation, and the like.[6] A.R. 13, 15. However, plaintiff contends the ALJ's decision is not supported by substantial evidence because the ALJ failed to properly consider the opinions of her treating physician Dr. McIntosh,[7] and erroneously concluded she was not a credible witness.

At the administrative hearing, plaintiff testified she stopped working because of problems with dust and fragrances and because she was required to sit and stand "for so long[,]" A.R. 265, and she is not able to work because of her asthma. A.R. 288-89. Rather, plaintiff stated, she spends her days avoiding fragrances and dust and using a breathing machine for about two and a half hours a day. A.R. 266-67. The plaintiff also reported she gets migraine headaches every day, she takes "a migraine pill" about every three hours, and when she

---

[6] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. § 416.967(b). "[T]he full range of light work requires standing or walking for up to two-thirds of the workday." Gallant v. Heckler, 753 F.2d 1450, 1454 n.1 (9th Cir. 1984); SSR 83-10, 1983 WL 31251, *6.

[7] The Court disagrees with plaintiff, and finds the ALJ properly discredited Dr. McIntosh's opinions as not being supported by clinical findings, A.R. 13, which often showed plaintiff's lungs were clear despite her complaints of severe breathing difficulties. See, e.g., A.R. 128, 136, 238. The Court also notes that, unlike Muldrew I, the record here contains no evidence of pulmonary function testing, which could have provided objective evidence supporting, or contradicting, Dr. McIntosh's opinions.

has a migraine, she needs to lie down. A.R. 270. The plaintiff also stated she can walk one half a block before she has to stop and use an inhaler, she can sit and stand for approximately 30 minutes before she has to move around, and plaintiff, who lives with her daughter and son-in-law, does not do any household chores. A.R. 265-68. Further, plaintiff testified grass, pollen, smog, the weather, smoke, and perfume affect her asthma and cause her chest tightness. A.R. 269-70.

Once a claimant has presented objective evidence that she suffers from an impairment that could cause pain or other nonexertional limitations,[8] the ALJ may not discredit the claimant's testimony "solely because the degree of pain alleged by the claimant is not supported by objective medical evidence." Bunnell v. Sullivan, 947 F.2d 341, 347 (9th Cir. 1991) (en banc); Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004). Thus, if the ALJ finds the claimant's subjective complaints are not credible, he "'must provide specific, cogent reasons for the disbelief.'" Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006) (citations omitted); Orn v. Astrue, 495 F.3d 625, 635 (9th Cir. 2007). Furthermore, if there is medical evidence establishing an objective basis for some degree of pain or related symptoms, and no evidence affirmatively suggesting the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999); Parra v. Astrue, 481 F.3d

---

[8] "While most cases discuss excess pain testimony rather than excess symptom testimony, rules developed to assure proper consideration of excess pain apply equally to other medically related symptoms." Swenson v. Sullivan, 876 F.2d 683, 687-88 (9th Cir. 1989).

742, 750 (9th Cir. 2007), cert. denied, 128 S. Ct. 1068 (2008).

Here, the ALJ found plaintiff was not a credible witness because "[t]he recurrent reports of her 'running out' of medications raise an issue of non-compliance on the part of the [plaintiff], thereby compromising her credibility and, therefore, the credibility of her allegations that she cannot work at all." A.R. 13. In other words, the ALJ inferred plaintiff was not compliant with her treatment regimen because she occasionally was out of medication. "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1068 (9th Cir. 2006) (citation omitted); Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). Here, the ALJ's inference is unreasonable,[9] and does not support his adverse credibility determination.[10] For instance, the record from NVHC shows that on November 18, 2004, it was noted plaintiff "is out of asthma meds, and is here for refills." A.R. 128. Prior to this visit, NVHC's records show plaintiff was last seen at

---

[9] In the Joint Stipulation, the Commissioner cites two pages of the administrative record - A.R. 128, 133 - to support his claim that "the ALJ's inference - that [plaintiff] did not correctly comply with the medication regimen because the record recurrently indicated she was out of medications and requested refill requests - had some support in the record." Jt. Stip. at 7:25-8:1. However, as discussed herein, A.R. 128 does not support the ALJ's inference, and A.R. 133 does **not** state plaintiff was out of medication or was noncompliant with her prescribed medication.

[10] In Muldrew I, the same ALJ also found plaintiff's testimony not to be credible, and supported that finding by a discussion of plaintiff's daily activities; however, here, the ALJ merely made the statement set forth above.

NVHC on September 23, 2004, when Dr. McIntosh prescribed medication to her and told her to return for a follow-up examination in eight weeks. A.R. 130-31. Barring any evidence to the contrary, a reasonable inference may be drawn that the medication prescribed to plaintiff on September 24, 2004, was sufficient medication to last until her next appointment eight weeks later, on November 18, 2004; therefore, the ALJ could not properly infer plaintiff was not compliant with her medication. Widmark, 454 F.3d at 1068; see also Holohan v. Massanari, 246 F.3d 1195, 1208 (9th Cir. 2001) (ALJ's credibility determination not supported by clear and convincing reasons when ALJ's rationale is belied by the record).

The ALJ also found plaintiff was not credible because "the evidence does not support the degree of incapacity that [plaintiff] alleges."[11] A.R. 13. However, "[t]he fact that a claimant's testimony is not fully corroborated by the objective medical findings, in and of itself, is not a clear and convincing reason for rejecting it." Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001); see also Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986) ("It is improper as a matter of law to discredit excess pain testimony solely on the ground that it is not fully corroborated by objective medical findings.").

---

[11] Although the Commissioner cites a third reason – that "Plaintiff's symptoms were generally responsive to treatment" (Jt. Stip. at 8:4-13) – the ALJ did not cite this as a basis for his adverse credibility determination, and the Court "may not affirm the ALJ on a ground upon which he did not rely." Orn, 495 F.3d at 630; see also Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (court erred in affirming ALJ's credibility determination based on court's independent findings).

Thus, "the ALJ provided unsatisfactory reasons for discounting [plaintiff's] credibility, and . . . his findings were unsupported by substantial evidence based on the record as a whole." Reddick v. Chater, 157 F.3d 715, 724 (9th Cir. 1998). Moreover, "[b]ecause the ALJ did not provide clear and convincing reasons for excluding [plaintiff's] pain and symptoms from his assessment of [plaintiff's] RFC, substantial evidence does not support the assessment." Lingenfelter, 504 F.3d at 1040. "Nor does substantial evidence support the ALJ's step-five determination, since it was based on this erroneous RFC assessment." Id. at 1041.

## V

When the Commissioner's decision is not supported by substantial evidence, the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002). "Generally when a court . . . reverses an administrative determination, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted); Moisa, 367 F.3d at 886. Here, since there are "insufficient findings as to whether [plaintiff's] testimony should be credited as true," remand is the appropriate remedy.[12]

//
//

---

[12] Upon remand, it might be helpful to have plaintiff examined by an examining physician, who could perform a pulmonary function study, as Dr. Muniyappa did in Muldrew I.

Connett, 340 F.3d at 876; Bunnell v. Barnhart, 336 F.3d 1112, 1116 (9th Cir. 2003).

**ORDER**

IT IS ORDERED that: (1) plaintiff's request for relief is granted; and (2) the Commissioner's decision is reversed, and the action is remanded to the Social Security Administration for further proceedings consistent with this Opinion and Order, pursuant to sentence four of 42 U.S.C. § 405(g), and Judgment shall be entered accordingly.

DATE: July 8, 2008

ROSALYN M. CHAPMAN
UNITED STATES MAGISTRATE JUDGE

R&R\07-0251.mdo
7/8/08